**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-23621-Civ-WILLIAMS/TORRES

ARSENIO RODRIGUEZ, and all
others similarly situated under
29 U.S.C. 206(B),

        Plaintiff,

v.

EAMON GUILFOYLE, individually

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Plaintiff's motion for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and Southern District of Florida Local Rule 7.3 for attorney's fees and costs against Eamon Guifoyle ("Defendant"). [D.E. 15]. Defendant did not file a response in opposition to Plaintiff's motion. Therefore, Plaintiff's motion is ripe for disposition. Upon review of the motion, which is unopposed and may be granted by default under S.D. Fla. Local R. 7.1, the Court recommends that the motion be **GRANTED in part** and **DENIED in part**.[1]

---

[1]     On December 20, 2018, the Honorable Kathleen Williams referred Plaintiff's motion to the undersigned Magistrate Judge for disposition. [D.E. 16].

## I.   BACKGROUND

Plaintiff filed this action on September 5, 2018 against Defendant to recover unpaid wages and unpaid overtime wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201-216.   [D.E. 1].   On November 15, 2018, the Court entered a default final judgment in favor of Plaintiff and against Defendant in the amount of $14,310.34 with $3,400 in unpaid minimum wages and $10,910.34 in unpaid overtime liquidated damages.   As the prevailing party in a FLSA case, Plaintiff seeks attorney's fees pursuant to 29 U.S.C. § 216(b) and Southern District of Florida Local Rule 7.3 in the amount of $7,668.75 and costs in the amount of $501.24. [D.E. 15].

## II.   ANALYSIS

Prevailing plaintiffs in FLSA cases are entitled to an award of reasonable attorneys' fees and costs.   *See* 29 U.S.C. § 216(b) ("The court in [FLSA] action[s] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (alterations added)).   Given the entry of final judgment in Plaintiff's favor [D.E. 24], there can be no dispute that Plaintiff is the prevailing party and entitled to consideration of a reasonable fee award.   Nor has there been any response in opposition filed to the motion that sets forth any legal basis why fees should not be awarded in the action.   Therefore, the Court finds that the motion should be granted as to the entitlement for fees.   *See Wolff v. Royal Am. Mgmt., Inc.*, 545 F.

2

App'x 791, 795 (11th Cir. 2013) (finding that a plaintiff who is the prevailing party and has received a judgment in her favor is entitled to attorney's fees under the FLSA).

### A.   *The Lodestar Method*

In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.   We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").   This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed."   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly."   *Id*.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended.   *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005).   Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained."   *Norman*, 836 F.2d at 1302.   Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the

decisions it made, give principled reasons for those decisions, and show its calculation." *Id*. at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999).   Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award.   *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an amount it deems proper according to the Eleventh Circuit's parameters.   *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award.   This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.")

4

**B.** **_Reasonable Hourly Rate_**

In computing the lodestar, the first step is to determine the reasonable hourly rate, defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." _Loranger v. Stierheim_, 10 F.3d 776, 781 (11th Cir. 1994) (quoting _Norman_, 836 F.2d at 1299).   The relevant market is "the place where the case is filed."   _ACLU,_ 168 F.3d at 427 (internal quotation marks and citation omitted).

Several factors may be considered in arriving at that prevailing market rate, as set forth in _Johnson v. Georgia Highway Express, Inc._[2]  The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate.   _See Duckworth v. Whisenant,_ 97 F.3d 1393, 1396 (11th Cir. 1996); _Norman,_ 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in

---

[2]    The 12 _Johnson_ factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

_Johnson v. Georgia Highway Express, Inc._ 488 F.2d 714, 717-719 (5th Cir. 1974).

5

line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).

Here, Plaintiff's counsel – Henry Hernandez ("Mr. Hernandez") – requests an hourly rate of $425 because he graduated from the Indiana University Maurer School of Law in 1999 and has been licensed to practice law in the State of Florida for approximately 16 years. Plaintiff argues that this is a reasonable rate because it falls within the possible range of fees that the Court should award for attorneys with a substantial amount of experience in litigating FLSA cases. Mr. Hernandez also seeks $150 for the hourly rate of his legal assistant.

But, Mr. Hernandez's requests are excessive for a FLSA case where Plaintiff merely obtained a default judgment. We therefore reduce Mr. Hernandez's hourly rate to $375 as this reflects a more reasonable amount for an attorney with sixteen years of experience. *See, e.g.*, *Medrano v. Mi Colombia Bakery, Inc.*, 2013 WL 1748403, at *2 (S.D. Fla. Jan. 10, 2013) ("The Court finds that a $375.00 hourly rate is reasonable for Plaintiff's lead counsel . . . [g]iven counsel's level of experience and reputation in the community"); *see also Schwartz v. Hugh Q Seeds Corp.,* 2006 U.S. Dist. LEXIS 43978 (S.D. Fla. 2006) (approving a a

6

$295 hourly rate in a FLSA case); *Bozeman v. Port–o–Tech Corp.,* No. 07–60569 (S.D. Fla. December 18, 2008) (approving $325.00 hourly rate for counsel in FLSA case); *Dewitt v. Daley,* No. 05–61418 (S.D. Fla. November 29, 2007) (approving recommended hourly rate of $300.00 for counsel in FLSA case).

We also find that Mr. Hernandez's request for an hourly rate of $150 for his legal assistant is excessive and, as a result, we reduce the rate requested to $100 per hour. *See Medrano*, 2013 WL 1748403, at *3 ("[T]he Court will recommend that such rate be awarded in this case, as well as the $100 per hour requested for reasonable paralegal services expended."); *see also Kotchman v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 4124845, at *2 (M.D. Fla. Sept. 18, 2017) ("$80 per hour for paralegals' time is . . . a reasonable hourly rate.") (citing *Rynd v. Nat'l Mut. Fire Ins. Co.*, 2012 WL 939387, at *1 (M.D. Fla. Jan. 25, 2012), *Report and Recommendation adopted*, 2012 WL 939247 (M.D. Fla. Mar. 20, 2012); *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1377 (M.D. Fla. 2010) (reducing a paralegal's hourly rate from $110 to $65 per hour in an insurance bad faith case)). Therefore, Mr. Hernandez's and his legal assistant should be entitled to an hourly rate of $350 and $100, respectively.

## C.    *Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore

to one's adversary *irrespective of the skill, reputation, or experience of counsel*." *A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original).   The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award.   *A.C.L.U. of Georgia*, 168 F.3d at 428.   If the fee applicant fails to exercise required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary."   *Id*. at 428.   As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303.   Accordingly, it is "perfectly proper to award attorney's fees based solely on affidavits in the record."   *Id*. at 1303 (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Mr. Hernandez provided an adequate billing record, including dates, descriptions of work, and the number of hours spent on each task.   There are no objections to the entries requested, which alone justifies an award that includes compensation for all the hours requested.   But, the Court's review of the supporting materials reveals that 18.40 hours spent on a case where Plaintiff obtained a default judgment was *not* within the scope of a reasonable amount of time.

8

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger,* 10 F.3d at 783).   A court may not, however, do both.   *See Bivins*, 548 F.3d at 1351-1352 (explaining that "by requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours").   In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable while at other times the "fee documentation can be so voluminous as to render an hour-by-hour review impractical."   *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis[;r]ather, . . . it may [] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added)).   "In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s] [its] reasons for selecting specific percentage reductions." *Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *Report and Recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783).

Here, Mr. Hernandez's fee documentation is not so voluminous that an hour-by-hour review is impractical, undermining the need for an across the board cut.   The time entries that appear excessive – by varying degrees – include (1) legal

9

research on August 31, 2018, (2) the preparation of Plaintiff's complaint on September 5, 2018, (3) an email to Plaintiff about a summons on September 6, 2018, (4) Mr. Hernandez's review of a docket order on September 12, 2018, (5) the drafting of Plaintiff's statement of claim on September 27, 2018, (6) the revision of Plaintiff's motion for entry of default on October 4, 2018, (7) an email to Plaintiff requesting a copy of Plaintiff's paycheck on October 10, 2018, (8) an email to Plaintiff about the case status on November 12, 2018, (9) a communication with a process server on November 15, 2018, (10) a phone call with Plaintiff on November 15, 2018, (11) a review of Plaintiff's complaint on November 26, 2018, (12) a meeting with Plaintiff on November 26, 2018, and (13) Plaintiff's preparation of his motion fees on November 28, 2018.   These time entries equal 11.1 hours.   Because the time spent on these tasks are excessive for a lawyer with Mr. Hernandez's experience, we reduce the time billed for these entries to 2.5 hours.   Accordingly, the reasonable number of hours that Mr. Hernandez expended in this case equals a total of 9.25 hours.[3]

### D.   *Reasonable Costs*

The final issue is Plaintiff's request to recover reasonable costs under 28 U.S.C. § 1920.   The following costs are permitted under 28 U.S.C. § 1920:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[3]   The undersigned finds that the 0.55 hours that Mr. Hernandez's legal assistant expended in this case were reasonable.

(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920).   "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so."   *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).   Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of this statute or were otherwise unreasonable.   *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").   Ultimately, the decision to award costs is discretionary, but the Court may only tax items enumerated in 28 U.S.C. § 1920, absent contractual or statutory authority.   *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Plaintiff requests (1) $75 for service of process costs, (2) $15 for copying costs, (3) $400 in filing fees, and (4) $11.24 for an unspecified Fed Ex shipment to

11

Defendant.   The $400 request for filing fees and $75 for the service of process costs are compensable under § 1920.   *See Ramirez v. Raptor Tech. Grp., Inc.*, 2012 WL 1758134, at *4 (M.D. Fla. May 2, 2012) ("Upon due consideration, the Court concludes that $350.00 for the filing fee and $118.00 for the service of process are compensable under 28 U.S.C. § 1920.").   But, Plaintiff never articulates any argument in support of his request for $15 in copying costs or $11.24 for a Fed Ex shipment.   These costs must therefore be denied because "the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine the purpose of the copies as well as whether the rates paid for copies were reasonable, and whether the copies made were related to the action at issue." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (citing *Lee v. American Eagle Airlines, Inc.,* 93 F. Supp. 2d 1322, 1335–36 (S.D. Fla. 2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid reasonable or how expenses related to case)).   Therefore, Plaintiff should only be entitled to $475 for filing fees and service of process costs.

### E. *Final Calculations*

With these considerations in mind, we conclude that Mr. Hernandez expended 9.8 hours in this case at a rate of $375 for a total of $3,468.75.   We also find that Mr. Hernandez's legal assistant expended .55 hours at a rate of $100 for a total of $55. Plaintiff should also be entitled to $475 for filing fees and service of process costs. This equates to a total fee and costs award in the amount of $3998.75.   Accordingly,

Plaintiff's motion for fees and costs should be **GRANTED in part** and **DENIED in part**.

### III.   CONCLUSION

Based upon a thorough review of Plaintiff's motion for fees and costs [D.E. 15], it is hereby **RECOMMENDED** that Plaintiff's motion be **GRANTED in part and DENIED in part**:

1.   Plaintiff should be awarded attorney's fees in the amount of $3523.75 for the work of Mr. Hernandez and his legal assistant.

2.   Plaintiff should be awarded $475 in reasonable costs.

3.   A fee Judgment should be entered in the total amount of $3998.75

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 1st day of February, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

14